# EXHIBIT A

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2081CV01936

Donna Carter, PLAINTIFF(S),

v.

Quicken Loans, LLC, DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO Quicken Loans, LLC . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Court, 370 Jackson S. Lowell, MA 01852 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Sergei Lemberg, LLC 43 Danbury Rd., Wilton CT 06847

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

# CIVIL ACTION COVER SHEET

**Trial Court of Massachusetts
The Superior Court**

**COUNTY:** Middlesex

**PLAINTIFF(S):** Donna Carter, on behalf of herself and all others similarly situated
**ADDRESS:** 741 Wellman Ave.
North Chelmsford, MA 01863

**DEFENDANT(S):** Quicken Loans, LLC
Detroit, MI 48226

**ATTORNEY:** Sergei Lemberg
**ADDRESS:** Lemberg Law, LLC
43 Danbury Rd., Wilton, CT 06897
**BBO:**

**ADDRESS:** 1050 Woodward Avenue
Detroit, MI 48226

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | [X] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? [X] YES [ ] NO
Is this a class action under Mass. R. Civ. P. 23? [X] YES [ ] NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................ $
 2. Total doctor expenses .................. $
 3. Total chiropractic expenses ............ $
 4. Total physical therapy expenses ........ $
 5. Total other expenses (describe below) .. $
 Subtotal (A): $
B. Documented lost wages and compensation to date ... $
C. Documented property damages to date .............. $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ................ $
F. Other documented items of damages (describe below)
G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
Greater than $50,000 on behalf of Plaintiff and putative class.

**TOTAL:** $ 50,000.00

**Signature of Attorney/ Unrepresented Plaintiff:** X  /s/ Sergei Lemberg    **Date:** 08/11/2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X  /s/ Sergei Lemberg    **Date:** 08/11/2020

COMMONWEALTH OF MASSACHUSETTS
County of Middlesex
The Superior Court

Donna Carter, *on behalf of herself and all others similarly situated*,

    Plaintiff,

v.

Quicken Loans, LLC,

    Defendant.

Civil Docket #:_____

8/11/2020

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Donna Carter, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1. Defendant Quicken Loans, LLC ("Quicken" or "Defendant") is a Michigan-based residential mortgage servicer.

2. As part of its mortgage servicing and collections operation, Quicken regularly calls Massachusetts borrowers more than two times a week.

3. Quicken's calling practices are illegal in Massachusetts as the Massachusetts Attorney General has regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number, for each debt . . . ." 940 CMR § 7.04(1)(f); *see*

*also Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor.") (quoting 940 CMR § 7.04(1)(f)).

4.  Quicken placed more than two collection calls to Plaintiff Donna Carter ("Plaintiff") within a seven-day period in an attempt to collect a residential mortgage loan debt from her, violating the express provisions of § 7.04(1)(f).

5.  Plaintiff seeks to represent all consumers similarly situated. Plaintiff seeks injunctive relief to end Quicken's illegal practice, declaratory relief to make Quicken's violations known to the class, actual and/or statutory damages, treble damages, as well as attorneys' fees and costs.

## PARTIES

6.  Plaintiff, Donna Carter, is an adult individual residing in North Chelmsford, Middlesex County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.  Defendant Quicken Loans, LLC is a Michigan-based residential mortgage loan servicer and collector, with a principal place of business at 1050 Woodward Avenue, Detroit, Michigan 48226, and is a "creditor" as defined by 940 CMR § 7.03. Upon information and belief, Quicken does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. Quicken Engages in Unfair Business Practices

8. Plaintiff allegedly incurred a financial obligation arising out of a residential mortgage loan (the "Debt") which meet the definition of a "debt" under 940 CMR § 7.03.

9. Quicken attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

10. At all relevant times that Quicken attempted to collect the Debt from Plaintiff, the Debt was alleged to be more than thirty days past due.

11. Quicken called Plaintiff's residential telephone in an attempt to collect the Debt.

12. Quicken called Plaintiff's residential telephone at number 978-XXX-2989.

13. Within the last four years, Quicken called Plaintiff's residential telephone in excess of two times within a seven-day period in an attempt to collect the Debt, at times calling Plaintiff on a daily basis.

14. When Plaintiff answered Quicken's calls, Quicken demanded that Plaintiff make a payment towards the Debt.

### B. Plaintiff Suffered Actual Damages and Injury

15. Plaintiff became angry, annoyed, frustrated, anxious, and suffered from emotional distress as a direct result of Quicken's excessive collection calls.

16. Quicken's repeated calls to Plaintiff were also distracting and an inconvenience to Plaintiff, and wasted Plaintiff's time and energy spent tending to Quicken's calls.

### C. 93A Demand Letter

17. On May 5, 2020, Plaintiff mailed a letter to Quicken via certified mail which, pursuant to M.G.L. c. 93A § 9(3), identified Plaintiff's claim and described Quicken's unfair and deceptive acts. The letter was delivered on May 13, 2020.

## CLASS ACTION ALLEGATIONS

### A. The Class

18. Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

19. Plaintiff seeks to represent the following class (the "Class"):

> **All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from Quicken within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

### B. Numerosity

20. As its regular business practice, Quicken hounds Massachusetts consumers with numerous debt collection calls per week. Class members are believed to be so numerous that joinder of all members is impractical.

21. The exact number and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

22. Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

### C. Common Questions of Law and Fact

23. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

24. The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a. Whether it was Quicken's practice and policy during the Class Period to place more than two collection calls within a seven-day period to Massachusetts debtors;

   b. Whether Quicken violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing more than two debt collection calls per debt per seven-day period to Plaintiff and members of the class; and

   c. Whether Quicken willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

D. **Typicality**

25. Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within at least one seven-day period.

E. **Protecting the Interests of Class Members**

26. Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

27. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

28. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

## F. Proceeding Via Class Action is Superior and Advisable

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

31. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

32. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

33. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF M.G.L. c. 93A, § 2, AND 940 CMR § 7.04(1)(f)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's residential telephone in violation of 940 CMR § 7.04(1)(f).

36. Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

37. Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

38. Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt.

39. Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers regarding a debt.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

A) An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt;

B) Declaratory relief as prayed for herein;

C) Awarding actual and/or statutory damages under M.G.L. c. 93A § 9;

D) Awarding actual and/or statutory damages under M.G.L. c. 93A § 9 for the Class;

E) Awarding treble damages under M.G.L. c. 93A § 9;

F) Awarding treble damages under M.G.L. c. 93A § 9 for the Class;

G) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9; and

H) Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 11, 2020

PLAINTIFF,

DONNA CARTER

By Plaintiff's attorneys,

LEMBERG LAW, LLC

*/s/ Donna Carter*
Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2081CV01936 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Carter, Donna vs. Quicken Loans, Llc | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: Sergei Lemberg, Esq. Lemberg Law, LLC 43 Danbury Rd Wilton, CT 06897 | | COURT NAME & ADDRESS Middlesex Superior - Lowell 370 Jackson Street Lowell, MA 01852 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION — DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 11/09/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 12/11/2020 | |
| All motions under MRCP 12, 19, and 20 | 12/11/2020 | 01/11/2021 | 02/09/2021 |
| All motions under MRCP 15 | 12/11/2020 | 01/11/2021 | 02/08/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 06/09/2021 | | |
| All motions under MRCP 56 | 07/09/2021 | 08/09/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/06/2021 |
| Case shall be resolved and judgment shall issue by | | | 08/15/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED 08/13/2020 | ASSISTANT CLERK Beatriz E Van Meek | PHONE (781)939-2745 |
|---|---|---|

Date/Time Printed: 08-13-2020 10:57:21                                                      SCV026\ 06/2018

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

_Michael H. Sullivan_ (signature)

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20____    Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20____