UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA CARTER, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 20-cv-11898-IT |
| QUICKEN LOANS, LLC, | * |
| Defendant. | * |

MEMORANDUM & ORDER

July 20, 2021

TALWANI, D.J.

Plaintiff Donna Carter brought this action on behalf of herself and a putative class against Quicken Loans, LLC ("Quicken Loans") in state court, alleging that Quicken Loans called her to collect on her mortgage loan more frequently than is permitted under Massachusetts regulations. Class Action Complaint and Demand for Jury Trial ("Complaint") [#1-2]; see 940 Code Mass. Regs. § 7.04(1)(f). Quicken Loans removed the case to this court [#1] and filed a Motion to Dismiss [#16] on the grounds that (1) it made no collection calls to Carter during the relevant time period and (2) the regulation is an unconstitutional restraint on speech in violation of the First Amendment. As to the first ground, Quicken Loans filed a Motion to Convert Portions of its Motion to Dismiss into a Motion for Summary Judgment [#22] at the court's direction [#19]. Carter opposed the motion and requested additional time for discovery under Fed. R. Civ. P. 56(d) [#24]. For the following reasons, the court grants Quicken Loans' Motion to Convert Portions of its Motion to Dismiss into a Motion for Summary Judgment [#22] and grants Carter limited third-party discovery under Rule 56(d).

I.  **Background**

Carter alleges that she had a mortgage loan from Quicken Loans, a residential mortgage servicer. Complaint ¶¶ 1, 8 [#1-2].

Carter claims that that Quicken Loans violated a Massachusetts regulation that makes it an "unfair or deceptive act or practice for a creditor" to "[i]nitiat[e] a communication with any debtor via telephone . . . in excess of two such communications in each seven-day period." 940 Code Mass. Regs. § 7.04(1)(f). The regulation applies only to communications made "in an effort to collect a debt." Armata v. Target Corp., 99 N.E.3d 788, 790 (Mass. 2018)); see 940 Code Mass. Regs. § 7.02.

In support of its motion to dismiss, Quicken Loans attached transcripts of calls to Carter's phone number. [#17-1] At a scheduling conference, the court notified the parties that it would "allow limited discovery to the issue of whether, in fact, this is the universe of communications" between Quicken Loans and Carter, Telephonic Scheduling Conference Transcript 9 [#20], and instructed Carter to "file a Rule 56(f) affidavit" if she needed discovery beyond what Quicken Loans would voluntarily disclose, id. at 17.

Quicken Loans has now submitted a declaration explaining that during the four years[1] before she filed her complaint (August 11, 2016 through August 11, 2020), Carter had only one mortgage loan with Quicken Loans. Declaration of Amy Courtney ("Courtney Decl.") ¶ 4 [#23-1]. That loan was paid off on or about December 17, 2018. Id. The declaration states that the attached a call log and transcripts reflect "all outbound calls made . . . on Quicken Loans' behalf"

---

[1] The regulation at issue, 940 Code Mass. Regs. § 7.04(1)(f), implements Mass. Gen. Laws ch. 93A, §2. See Armata, 99 N.E.3d at 790.  That statute carries a four-year statute of limitations. Mass. Gen. Laws ch. 260, § 5A.

2

to Carter's phone number during the relevant time period. Courtney Decl. 2-3 & Ex. A [#23-1]. Quicken Loans also produced a further affidavit and transcript of an incoming call (from Carter to Quicken Loans), during which Carter spoke with a Quicken Loans team member (Alex Makled) about a refinance opportunity and instructed him to call her back. Second Declaration of Amy Courtney ("Second Courtney Decl.") ¶¶ 6-9 & Ex. 3 [#26-2]. The incoming call took place earlier the same day as the earliest outgoing call. Id.

Carter asserts that the call log and transcripts provided do not include all the calls she received from Quicken Loans during the relevant time period. Plaintiff's Memorandum in Opposition to Defendant's Motion to Convert Portions of its Motion to Dismiss into a Motion for Summary Judgment ("Opp.") 2 [#24]. She requests leave to conduct additional discovery under Fed. R. Civ. P. 56(d).[2] Id. at 3. Specifically, she seeks to subpoena her telephone provider for her own call records, and she requests that the court order Quicken Loans to produce "the complete account history notes related to the Plaintiff." Id.

## II.     Legal Standard

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A Rule 56(d) proffer "should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment."

---

[2] Rule 56(d) was formerly Rule 56(f), and there is no substantive difference between the old rule and the new one. In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 n.2 (1st Cir. 2014).

In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 (1st Cir. 2014) (quoting Resol. Tr. Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)) (internal quotation marks omitted). If the party's inability to "adduce the facts essential to opposing summary judgment" is due to incomplete discovery, her explanation must: "(i) 'show good cause for the failure to have discovered the facts sooner'; (ii) 'set forth a plausible basis for believing that specific facts . . . probably exist'; and (iii) 'indicate how the emergent facts . . . will influence the outcome of the pending summary judgment motion.'" Id. (quoting Resol. Tr. Corp., 22 F.3d at 1203).

### III. Discussion

Quicken Loans does not dispute that Carter's Rule 56(d) proffer was timely. The court addresses each remaining factor in turn.

#### A. *Authoritativeness*

Carter's Rule 56(d) proffer took the form of an affidavit from her counsel, stating in part that Plaintiff "has reviewed the records Defendant submits in support its motions for summary judgment and disputes that they are complete." Affidavit of Sergei Lemberg ("Lemberg Aff.") ¶ 3 [#24-1]. Counsel states further that Carter "believes that Defendant placed additional calls demanding payment on her mortgage loan that are not reflected in Defendant's records." Id. Although "a Rule 56(f) proffer may acceptably take the form of 'written representations of counsel'" Resol. Tr. Corp., 22 F.3d at 1204 (quoting Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988)), where possible, it should come from "a person who possesses firsthand knowledge and who is competent to address the specifics of the matters discussed," id. When it comes to the content of alleged phone calls between Carter and Quicken Loans and between Carter and her telephone provider, the person with firsthand knowledge who should be addressing the specifics of her review and recollections is Carter, not her counsel.

B.   *Good Cause for the Failure to Have Discovered the Facts Sooner*

Since there has been no discovery yet, this is Carter's first opportunity to discover the relevant facts.

C.   *Plausible Basis for Believing that Specific Facts Probably Exist*

Carter says that her "account history notes" and records from her phone provider will show that Quicken Loans' records of outgoing calls made to Carter are incomplete. Carter bases this claim on the argument that the transcript of the first call she received from Quicken Loans suggests previous contact between Carter and the caller, meaning that there must be calls missing from the records. Opp. 2-3 [#24]. It is true that the transcript of the first call Carter received from Quicken Loans shows Carter and the caller (Quicken Loans team member Alex Makled) greeting each other by name and discussing a project he had been working on for her, without introduction. Courtney Decl. ¶ 15(a) & Ex. B2 [#23-1]. But Quicken Loans explains this by producing a transcript showing that the previous contact was an *incoming* call from Carter earlier the same day.  Second Courtney Decl. ¶ 8 & Ex. 3 [#26-2].

Carter's counsel asserts further that Carter believes there were additional calls. This vague assertion is insufficient to meet Carter's burden to provide the court with reason to believe that Quicken Loans' records of outgoing calls are incomplete, or that additional discovery from Quicken Loans will uncover evidence of undisclosed collection calls. However, in the interest of ensuring a just result, the court will accept counsel's assertion as sufficiently plausible to the extent the discovery sought is limited to Carter's own phone records.

D.   *How the Emergent Facts Will Influence the Outcome of the Pending Motion*

To the extent that Plaintiff sought the "account history notes" to determine the content of the calls, those facts would not influence the outcome of the pending motion where the court has the actual transcripts to review. See, e.g., Elkins v. Medco Health Solutions, Inc., No. 12-2141,

2014 WL 1663406, at *10 (E.D. Miss. Apr. 25, 2014) (denying plaintiff's Rule 56(d) request for additional discovery concerning "intent and purpose" of calls where defendant produced "a recording and transcript" of the relevant call).

The records from Carter's phone service provider, however, could influence the outcome of Quicken Loans' motion. If Carter's claim that she received calls from Quicken Loans that were not disclosed in Quicken Loans' call log is correct, the records from her phone provider will bear it out.

## IV. Conclusion

For the foregoing reasons, the court grants Quicken Loans' <u>Motion to Convert Portions of its Motion to Dismiss into a Motion for Summary Judgment</u> [#22] and grants Carter limited third-party discovery under Rule 56(d). Carter will be permitted to serve a subpoena for her own phone records on her phone provider but will not be permitted discovery of Defendant's account history notes. Carter shall file any further opposition to Quicken Loans' pending <u>Motion to Dismiss</u> [#16] (portions of which are now converted into a motion for summary judgment) no later than August 15, 2021. Any such opposition that includes factual assertions by Plaintiff shall include an affidavit from Carter herself, rather than from counsel.

IT IS SO ORDERED.

July 20, 2021                                               /s/ Indira Talwani
                                                            United States District Judge