UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONNA CARTER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-11898-IT |
| | * | |
| QUICKEN LOANS, LLC, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

April 27, 2023

TALWANI, D.J.

On August 9, 2022, this court awarded Defendant Quicken Loans, LLC ("Quicken Loans") $1,360.65 for costs incurred in this action to be paid by Plaintiff Donna Carter. Mem. & Order 5 [Doc. No. 40]. Pending before the court is Quicken Loans's Motion for an Order Directing Plaintiff to Show Cause and Request for Attorney's Fees and Costs ("Motion") [Doc. No. 43] and Carter's request for attorney's fees and costs associated with her Opposition [Doc. No. 44]. For the reasons that follow, Quicken Loans's Motion [Doc. No. 43] and Carter's request are DENIED.

**I.     Background As Relevant for the Pending Motion**

In October 2020, Quicken Loans removed Carter's putative class action from state court. Notice of Removal [Doc. No. 1]. Quicken Loans filed a Motion to Dismiss [Doc. No. 16], portions of which the court converted to a motion for summary judgment, see Elec. Order [Doc. No. 35]. The court granted Quicken Loans's converted motion as unopposed, see Elec. Order [Doc. No. 35], and entered Judgment [Doc. No. 36] with costs against Carter and in favor of Quicken Loans.

Quicken Loans filed a <u>Bill of Costs</u> [Doc. No. 37], to which Carter objected, <u>see</u> Objection [Doc. No. 39]. On August 9, 2021, the court awarded $1,360.65 as costs to Quicken Loans. <u>See</u> Mem. & Order [Doc. No. 40].

Quicken Loans informs the court that it has contacted Carter's counsel on August 9, 2022, October 10, 2022, October 27, 2022, February 9, 2023, and March 2, 2023, to request payment of the costs as ordered but Carter has failed to pay the awarded amount. Mot. 2 [Doc. No. 43]; <u>see also</u> Ex. A, Email Chain [Doc. No. 44-1].

## II.     Discussion

### A.      *Order to Show Cause as to Contempt*

Quicken Loans requests an order for Carter to show cause as to why she should not be held in contempt of court for failure to pay the $1,360.65 and attorney's fees and costs incurred in connection with the <u>Motion</u> [Doc. No. 43]. Carter opposes these requests, asserting that Federal Rule of Civil Procedure 69, and not contempt proceedings, governs recovery of money judgments. Opp'n [Doc. No. 44].

Under Rule 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1); <u>see also</u> <u>Aetna Cas. & Sur. Co. v. Markarian</u>, 114 F.3d 346, 349 (1st Cir. 1997) ("[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." (quoting <u>Combs v. Ryan's Coal Co.</u>, 785 F.2d 970, 980 (11th Cir. 1986)).

Rule 69's "'otherwise' clause is narrowly construed" and "does not authorize enforcement of a civil money judgment by methods other than a writ of execution, except where

well established principles so warrant." <u>Aetna</u>, 114 F.3d at 349 (internal quotations omitted).[1]

"[T]he difficulties in enforcing the judgment due to . . . the uncooperativeness of the judgment debtor are not the type of extraordinary circumstances which warrant departure from the general rule that money judgments are enforced by means of writs of execution rather than by resort to the contempt power of the courts." <u>Id.</u>

In support of its motion, Quicken Loans points to the "courts . . . inherent power to sanction for contempt." Mot. 2 [Doc. No. 43] (citing <u>AngioDynamics, Inc. v. Biolitec AG</u>, 946 F. Supp. 2d 205, 212 (D. Mass. 2013)). However, such power is inapplicable here where the First Circuit "has held that 'the legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments[.]'" <u>Aetna</u>, 114 F.3d at 349 (quoting <u>Gabovitch v. Lundy</u>, 584 F.2d 559, 560–61 (1st Cir. 1978)); <u>see also</u> <u>Bd. of Comm'rs of Stark Cnty., OH v. Cape Stone Works, Inc.</u>, 206 F. Supp. 2d 100, 103 (D. Mass. 2002) (relying on <u>Aetna</u>, "[i]t is thus clear that a writ of execution is the only means by which the plaintiff may enforce the money judgment"). In the string of cases Quicken Loans relies upon, the court imposed costs as sanctions[2] or for failure to comply with a post-judgment discovery order,[3] rather than recovery of money judgment. Indeed, in this case,

---

[1] Such situations include where "an action for contempt has been instituted for failure to pay an obligation imposed by statute[,]" "a congressional determination [has been made] to provide the government with the ability to seek a writ of *ne exeat* in furtherance of enforcing tax obligations[,]" or "the judgment is against a state which refuses to appropriate funds through the normal process provided by state law." <u>Aetna</u>, 114 F.3d at 349 n.4.

[2] <u>Eresian v. Mantalvanos</u>, Civil Contempt Order, 3:12-cv-30223 [#23], <u>Top Entm't, Inc. v. Torrejon</u>, 2008 WL 2950961, at *1 (D.P.R. July 29, 2008), <u>England v. Goodcents Holdings, Inc.</u>, 2009 WL 2835201 (N.D. Ga. Aug. 31, 2009), and <u>Chang Lim v. Terumo Corp.</u>, 2014 WL 1389067, at *9 (E.D. Mich. Apr. 9, 2014).

[3] <u>McAnarney v. Optimum Bldg. & Inspection Corp.</u>, 2016 WL 1601190, at *1 (D. Mass. Apr. 20, 2016).

the court has previously "decline[d] to delay proceedings to allow service of a Rule 11 motion" for sanctions where Carter sought leave to dismiss the case with prejudice. Elec. Order [Doc. No. 35].

Accordingly Quicken Loans's <u>Motion</u> [Doc. No. 43] is denied.

B.   *Carter's Request for Attorney's Fees and Costs*

Carter seeks costs associated with her <u>Opposition</u> [Doc. No. 44] on the grounds that her counsel notified Quicken Loans's counsel that its motion was an improper process for seeking recovery of the money judgment under Fed. R. Civ. P. 69. Opp'n 3 [Doc. No. 44].

A district court may "award attorney's fees to a prevailing party pursuant to its inherent powers when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger</u>, 280 F.3d 26, 42 (1st Cir. 2002) (internal quotation marks omitted). Although Rule 69 limits the means by which a party may seek to recover a money judgment, the court does not find that Quicken Loans's request meets this standard where Quicken Loans has on numerous occasions contacted Carter's counsel to collect the $1,360.65 award before filing its motion. Further motions, however, may well result in an award of fees.

III.   **Conclusion**

For the foregoing reasons, Quicken Loans's <u>Motion</u> [Doc. No. 43] and Carter's request for attorney's fees and costs associated with her <u>Opposition</u> [Doc. No. 44] are DENIED.

IT IS SO ORDERED.

April 27, 2023                                          /s/ Indira Talwani
                                                         United States District Judge